**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Charles Bradford Odom, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **AND ORDER TO SHOW CAUSE** |
| ) | |
| Det. Kenan Kaizer, Det. Paul Olson, ) | Case No. 1:07-cv-019 |
| Glen Valley, Asst. St. Attorney Julie ) | |
| Lawyer and Burleigh County Detention ) | |
| Center and Unknown Head Supervisor, ) | |
| ) | |
| Defendants. ) | |

The plaintiff seeks to commence the above-entitled action without the prepayment of fees. On March 20, 2007, he submitted an application to proceed *in forma pauperis*. In addition, he filed a proposed complaint. What follows is the undersigned's recommendation as to how the court should proceed with the plaintiff's application and complaint.

**I.    BACKGROUND**

The plaintiff is being held on State charges at the Burleigh County Detention Center. On March 20, 2007, he lodged a complaint with this court asserting claims of racial discrimination, police misconduct, prosecutorial discrimination, and malicious prosecution. He believes that police targeted him because of his race and manufactured evidence against him in order to obtain search and arrest warrants. He also believes that the prosecution was aware of these illicit activities by police but nevertheless insisted on pursuing criminal charges against him on account of his race. He seeks $500,000 in damages as well as the dismissal of his pending State charges. It should also

1

be noted that, in passing, he asserts that he has been denied access to both the courts and to a law library.

## II.     DISCUSSION

### A.     Standard Governing Initial Review

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. In addition, the court also has the power under § 1915(e)(2) to dismiss an *in forma pauperis* proceeding any time the court determines the proceeding is frivolous or malicious, fails to state a claim upon which relief should be granted, or seeks monetary relief against an immune defendant.

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999). An action is frivolous if "it lacks an arguable basis either in law or in fact." Nietske v. Williams, 490 U.S. 319, 325 (1989).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.** **Analysis**

Plaintiff does appear to plead at least one claim that would be cognizable under federal civil rights laws. An extended review of all of plaintiff's claims now, however, is not necessary because of the relationship of this case to an ongoing state criminal proceeding being brought against the plaintiff. As discussed below, the court is required to abstain from proceeding with this case until the state criminal action is completed. And, since the results of that proceeding may have a substantial impact on plaintiff's claims in this case, a more in-depth screening of plaintiff's complaint should await the completion of the state criminal action.

Part of the relief that plaintiff requests in this case is a dismissal of his state criminal prosecution. Given that the plaintiff is proceeding *pro se*, the court will construe this as including a request that the court enjoin the state criminal proceedings, since any power the court would have most surely would be limited to granting injunctive relief.

The United States Supreme Court in Younger v. Harris has instructed that federal courts must abstain from proceeding with cases that would interfere with ongoing state criminal proceedings, except in very unusual circumstances. E.g., Younger v. Harris, 401 U.S. 37, 43-54 (1971); see Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 479 (8th Cir. 1998). In this case, it is clear from plaintiff's proposed complaint that the unusual circumstances contemplated under Younger are not present. See id. While plaintiff claims that state investigative and prosecutorial officials are racially biased against him, no allegation is made that the state court is incapable of fairly adjudicating the criminal prosecution being brought against the plaintiff, much less any allegation of systemic problems that would justify the extraordinary step of a federal court intervention in a state criminal prosecution. See id.; Canatella v. California, 404 F.3d 1106, 1112

(9th Cir. 2005). Consequently, plaintiff does not have cognizable claim for equitable relief until the state criminal proceedings have been completed. This includes completion of any state court appeals. E.g., Warmus v. Melahn, 62 F.3d 252, 257 (8th Cir.1995), vacated on other grounds, 517 U.S. 1241(1996); Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir.1995).

If plaintiff was only seeking equitable relief directed to the state criminal prosecution, then dismissal would be appropriate under the foregoing cases. Plaintiff, however, also seeks damages, and this presents a somewhat different problem.

While the United States Supreme Court has not yet ruled on whether Younger abstention applies to claims for damages, most circuit courts, including the Eighth Circuit, hold that it does if the civil action will interfere with the state criminal proceedings. Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (leaving issue open); Gilbertson v. Albright, 381 F.3d 965, 978-979 (9th Cir. 2004) (*en banc*) (citing cases from other circuits); Night Clubs, Inc. v. City of Fort Smith, Ark., supra. In this case, given the nature of the issues raised in plaintiff's complaint, including particularly his Fourth Amendment related claims, there is no question this action would substantially interfere with the state criminal prosecution and that this court must abstain as a result. Cf., Cormack v. Settle-Beshears, 474 F.3d 528, 531 (8th Cir. 2007); Gilbertson v. Albright, 381 F.3d at 979-981; Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir.1995). But, while dismissal may be appropriate under prevailing Younger abstention principles when only equitable relief is sought, the prevailing view, including that of the Eighth Circuit, is that dismissal of the damage claims is not appropriate and that the case must be held in abeyance pending completion of the state criminal proceedings. Gilbertson v. Albright, 381 F.3d at 980 & n.15 (citing cases from other circuits); Green v. Benden, 281 F.3d

661, 667 (7th Cir.2002); Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-04 (8th Cir.1999); see Deakins v. Monaghan, 484 U.S. at 202-203.

In this case, we are in the somewhat unusual situation where the plaintiff is requesting that he be permitted to proceed *in forma pauperis* and the federal case has not yet been actually commenced. The principal reason given in the foregoing cases for requiring that damage actions subject to Younger abstention be held in abeyance and not dismissed is the concern about the statute of limitations running on the damage claims. Consequently, what it appears must be done in this case is to place in the plaintiff in a situation where his time will not run.

Under F. R. Civ. P. 3, an action is commenced upon filing. While service of process must usually be made under F. R. Civ. P. 4(m) within 120 days, the court can extend the time for service for an appropriate period. In this case, a court order deferring service until completion of the state criminal action would be appropriate.

### III.  CONCLUSION and RECOMMENDATION

It appears that plaintiff's complaint presents one or more claims that are cognizable under federal civil rights laws, but presents the unusual situation in which this court is required to abstain under Younger abstention principles until the state criminal prosecution is completed. Consequently, is hereby **RECOMMENDED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* be granted.

2. The clerk be instructed to file plaintiff's complaint, but that it not be served until further order of the court.

3. Plaintiff be ordered to provide notice to the court of the completion of the state criminal prosecution not later than 60 days following the entry of any non-appealable

        judgment in the state criminal action and be advised that failure to comply may result in the complaint being dismissed without prejudice.

4.     Plaintiff be advised that he may be periodically required to report to the court the status of the state criminal action and that any failure to report within the time period set by the court will result in plaintiff's action being dismissed without prejudice.

5.     Plaintiff be advised that he must immediately report to the clerk of court any change of address so that the court can monitor and receive any reports of status that may be ordered.

6.     That, upon plaintiff notifying the court that the state criminal proceeding has been completed, the case be referred for further screening in light of the results of the state court action and for a determination that the state court proceeding has in fact been completed.

7.     Until service of the complaint is ordered by the court, the complaint shall not be subject to dismissal under F. R. Civ. P. 4(m) on account of good cause having been established.

## IV. ORDER TO SHOW CAUSE

Given the unusual posture of this matter, it is hereby **ORDERED** that the plaintiff show cause within fifteen days as to: (1) why the court should not abstain and hold this matter in abeyance until completion of the state criminal proceeding; and (2) why the other recommendations for handling his matter as set forth above should not be adopted. Failure to show cause as ordered may result in the court adopting the recommendations and holding this matter in abeyance until completion of the state criminal proceeding.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(3)(4), plaintiff may file any other objections to this Report and Recommendation within fifteen days. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 5th day of April, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge