**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Bradford Odom, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Det. Kenan Kaizer, Det. Paul Olson, | ) | Case No. 1:07-cv-019 |
| Glen Valley, Asst. St. Attorney Julie | ) | |
| Lawyer and Burleigh County Detention | ) | |
| Center and Unknown Head Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

On March 20, 2007, the plaintiff, Charles Bradford Odom, filed a Motion for Leave to Proceed *In Forma Pauperis* and a pro se civil rights action under 42 U.S.C. § 1983. Magistrate Judge Charles S. Miller, Jr. conducted an initial review of Odom's complaint as mandated by 28 U.S.C. § 1915A, and submitted a Report and Recommendation. Judge Miller recommended that Odom be allowed to proceed in forma pauperis and that his complaint be filed subject to certain conditions of the Court. Odom was ordered to show cause within fifteen days as to (1) why the Court should not abstain and hold this federal civil action in abeyance until the completion of the state criminal proceeding; and (2) to file an objection to the Report and Recommendation.

On April 11, 2007, Odom filed a pleading entitled "Motion to Intervene on State Proceedings," (Docket No. 6), and on April 13, 2007, Odom filed a memorandum in support of the motion to intervene. (Docket No 7). Odom provides numerous justifications for his actions surrounding his arrest on January 20, 2004, and makes numerous references to pleadings in a separate civil lawsuit initiated by Odom. See Case No. 1:06-cv-038. Odom requests an immediate injunction and any and all equitable solutions as the Court deems necessary. It is unclear whether

Odom's pleading is a response to the order to show cause or a motion to enjoin the state court proceedings. Because Odom has already sought relief to have the state court proceedings enjoined, and Judge Miller has submitted a Report and Recommendation on that issue, the Court will interpret Odom's pleading as a response to the order to show cause and an objection to the Report and Recommendation.

The Report and Recommendation found, in part, that Odom's request to enjoin the state criminal prosecution is barred under the Younger abstention doctrine. To the extent that Odom raises a claim for damages, this Court is required to abstain under Younger abstention principles until the state criminal prosecution is completed. Odom has failed to cite to any authority or articulate any legal basis as to why the Younger abstention doctrine would not apply. Further, Odom has failed to provide any compelling reason(s) why this Court should not adopt the Report and Recommendation.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No. 5) in its entirety. The Court orders that:

1) Odom's motion to proceed *in forma pauperis* is **GRANTED**. (Docket No. 3).

2) The clerk is instructed to file the plaintiff's complaint, but the complaint shall not be served until further order of the Court.

3) The plaintiff is ordered to provided notice to the Court of the completion of the state criminal prosecution not later than sixty (60) days following entry of any non-appealable judgment in the state criminal action. The failure to comply and provide such notice may result in the complaint being dismissed without prejudice.

4)  The plaintiff is advised that he may be required to periodically report to the Court on the status of the state criminal action and that any failure to report within the time period set by the Court will result in plaintiff's action being dismissed without prejudice.

5)  The plaintiff shall immediately report to the Clerk of Court any change of address so that the Court can monitor and receive any status reports that may be ordered.

6)  Upon notification to this Court from the plaintiff that the state criminal proceeding has been completed, the case shall be referred for further screening in light of the results of the state court action and for a determination that the state court proceeding has in fact been completed.

7)  Until service of the complaint is ordered by the Court, the complaint shall not be subject to dismissal under Federal Rules of Civil Procedure 4(m) on account of good cause having been established.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court