**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Bradford Odom, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Det. Kenan Kaizer, Det. Paul Olson, | ) | |
| Glen Valley, Asst. St. Attorney Julie | ) | |
| Lawyer and Burleigh County Detention | ) | |
| Center and Unknown Head Supervisor, | ) | |
| | ) | Case No. 1:07-cv-019 |
| Defendants. | ) | |

_____

On March 19 and 20, 2007, the plaintiff, Charles Odom, filed a PLRA packet and an application to proceed in forma pauperis. See Docket Nos. 3 and 4. On April 17, 2007, Odom filed a pro se complaint pursuant to 42 U.S.C. § 1983. See Docket No. 9. Odom filed a motion to amend complaint on August 5, 2008. See Docket No. 32. Odom's action is indirectly related to state court convictions for possession of cocaine with intent to deliver and possession of drug paraphernalia. Odom alleges,

Det Kenan Kaizer knowingly and willingly provided false information to the states Attorney for application of a warrant The Application was approved apparently and a unconstitutional warrant was issued for my arrest Quite a chilling effect on the conscience

. . .

I'm in no way in possession of any of the items a felony warrant was issued for. There can be no other explanation as to why officer Valley changed from his initial report to a falsified document that states he obtained those items from me.

Racisim can be his only motivation and official oppression and police misconduct which has led to my incarceration the stroke and death of my mother my heart problems and diminished mental state and my wife and kids being homelss for the last 14 months

> Kenan Kaizer swore out a statement for Application for a warrant based on falsified evidence manufactured by himself.  Quite a chilling effect on the conscience.  The states Attorney being fully aware authorized the complaint based on False information and subsequently a warrant was issued.  an unconstitutional warrant which loses its weight under law This whole process took a year and a half the defendants surely had plenty of time.
>
> This baseless warrant has lead to an unconstitutional arrest confinement and a clear example of Racial Discrimination and Jim Crow law.
>
> My people are apparently still thought unable to read  It appears the Defendants have forgotten Brown v. Board of Education or the Woolworth sit in or any of a number of examples that give me the right to check into a hotel and not be made a target simply because the color of my skin. Det. Paul Olson actually placed a gun to my head  As a result of this falsified racially motivated warrant which has led to this current Prosecutorial Misconduct Police Misconduct and Malicious Prosecution And overall decline in my health both physicaly and mentally.
>
> Now the defendant claim ignorance of the law as an excuse when in fact: <u>ignorantia Juris neminem excusat</u> Ignorance of the law excuses no one
>
> For some reason I've been denied my First amendment right of access to the courts Theres no law library available theres no way of having a private phone call with your attorney if you must speak in front of 10 or 15 people.
>
> I've asked several times for use of the law library and have been denied constantly I'm not sure who is responsible.

<u>See</u> Docket No. 9 (errors in original).  In his motion to amend the complaint, Odom requests leave to add five more defendants: the Burleigh County Clerk of Court, the Burleigh County State's Attorney, and three of his former appointed counsel.

Magistrate Judge Charles S. Miller, Jr. conducted a review of the record and relevant case law and submitted a Report and Recommendation on August 5, 2009.  <u>See</u> Docket No. 37.  Judge Miller found that Odom's complaint and motion to amend the complaint are devoid of any cognizable constitutional claim.  Judge Miller recommended that Odom's motion to amend be denied and the complaint be dismissed without prejudice.  Odom was given fifteen (15) days to file

an objection to the Report and Recommendation.  Odom filed an objection on August 17, 2009.  <u>See</u>

Docket No. 38.

Odom contends that the Report and Recommendation and Order to Show Cause (Docket No.

5)[1], filed on April 5, 2007, should remain in effect:

> Please refer to . . . Document 5 Filed 04/05/2007 pg 5 of 7 Sect. II Line III Plaintiff
> is ordered to provide notice to the court at the completion of the state criminal
> prosecution not later than 60 days following the entry of any non appealable
> Judgement in the state criminal action and be advised that failure to comply may
> result in the complaint being dismissed without prejudice
>
> This section III and Line III was implymented to stop my time limit for damages due
> to the fact that I'm seeking damages.  The principal area - on is that in applying the
> Younger doctrine the case must be held in abeyance and not dismissed
>
> In direct accordance the plaintiff has maintained constant contact with court up-
> dating of every address change and progress with the orders of the court and
> therefore  the plantiff prays that the 04/05/2007 order from the US District Court
> remain as the state court has not ruled

<u>See</u> Docket No. 38 (errors in original).

Since there is no pending criminal prosecution or appeal in state court, the <u>Younger</u>

abstention doctrine does not apply.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Odom was

convicted and sentenced in June 2007 of possession of cocaine with intent to deliver and possession

of drug paraphernalia.  <u>See</u> Docket No. 36.  The convictions were affirmed on appeal.  <u>See</u> Docket

No. 36; <u>see also</u> <u>State v. Odom</u>, 747 N.W.2d 136 (N.D. 2008).  The <u>Younger</u> abstention doctrine has

_____

[1]The Report and Recommendation and Order to Show Cause (Docket No. 5) found, in
part, that Odom's request to enjoin the state criminal prosecution was barred under the <u>Younger</u>
abstention doctrine, because at the time it was filed, there were pending criminal prosecutions in
state court.  This Court filed an Order Adopting Report and Recommendation (Docket No. 8) on
April 17, 2007, ordering, in part, that Odom notify the Court of the completion of his state
criminal prosecution and that Odom is to comply with any status report requests made by the
Court.

no application to the question of whether Odom may proceed in federal court while he seeks post-conviction relief in the state court system.  See Landry v. Tilton, 2008 WL 4790495 (E.D. Cal. Oct. 30, 2008).

The Court has carefully reviewed the Report and Recommendation, relevant case law, Odom's objection, and the entire record and finds the Report and Recommendation to be persuasive. Odom's objection did not raise a cognizable federal constitutional claim, and the Court finds that no constitutional right existed.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 37) in its entirety, **DENIES** Odom's motion to amend (Docket No. 32), and **DISMISSES WITHOUT PREJUDICE** Odom's complaint (Docket No. 9).

**IT IS SO ORDERED.**

Dated this 24th day of August, 2009.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

4